# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS DUFF,**

      **Petitioner,**

**v.**                            **CIVIL ACTION NO. 3:07 CV 169**
                                   **CRIMINAL ACTION NO. 3:06 CR 27**
                                            **(Maxwell)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## ORDER

On December 26, 2007, *pro se* Petitioner Thomas Duff filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Thereafter, the *pro se* Petitioner filed two separate Attachments to his § 2255 Motion, one on December 31, 2007, and a second on May 5, 2008.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation in accordance with Rule 83.15 of the Local Rules of Prisoner Litigation Procedure.

By Order entered May 27, 2008, Magistrate Judge Seibert indicated that his preliminary review of the Petitioner's § 2255 Motion, as amended by the Attachments thereto, had revealed that summary dismissal of the same was not appropriate. Accordingly, Magistrate Judge Seibert's May 27, 2008, Order directed the Respondent to file an Answer to the amended § 2255 Motion within thirty days from the date of entry thereof.

The United States' Response To 28 U.S.C. § 2255 Motion was timely filed on July 10, 2008. In this regard, it should be noted that the United States sought and was granted

an extension of time in which to file their Answer to the amended § 2255 Motion by Order entered June 24, 2008.

On August 6, 2008, Magistrate Judge Seibert issued a Report And Recommendation wherein he recommended that the Petitioner's § 2255 Motion be denied and dismissed from the docket because the Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction. It should be noted that Magistrate Judge Seibert proceeded to address the merits of the Petitioner's § 2255 Motion even though he found that the Petitioner's § 2255 Motion could be denied as untimely.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten days from the date they were served with a copy of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action reveals that no objections to Magistrate Judge Seibert's August 6, 2008, Report And Recommendation have been filed by either of the parties and that this matter is now ripe for review. The docket in the above-styled action reveals that on August 15, 2008, the envelope containing the Petitioner's copy of Magistrate Judge Seibert's Report And Recommendation was returned from FCI Petersburg - Medium marked undeliverable. Thereafter, on September 10, 2008, the Petitioner filed a Motion For Expungement. Given that the Petitioner's return address indicated that he was housed at Bannum Place of Clarksburg rather than FCI Petersburg - Medium, the Clerk of Court attempted to send a copy of Magistrate Judge Seibert's Report And Recommendation to him at Bannum Place of Clarksburg. The

docket herein reflects that on September 22, 2008, this second copy of the Report And Recommendation was also returned marked undeliverable.  In should be noted, in this regard, that, on December 26, 2007, the Clerk of Court sent the Petitioner a Notice Of General Guidelines For Appearing *Pro Se* In Federal Court.  Said General Guidelines expressly advised the Petitioner to keep the Court and opposing counsel, if any, advised of his most current address at all times and that a failure to do so might result in the dismissal of his action without prejudice.

Upon consideration of said Report and Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge Seibert in the above-styled action on August 6, 2008 (Docket No. 7), be, and the same is hereby, **ACCEPTED** in totality.  Consistent with said Report And Recommendation, it is, accordingly,

**ORDERED** that the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Docket No. 34 in Criminal Action No. 3:06 CR 27 and Docket No. 1 in Civil Action No. 3:07 CV 169) be, and the same is hereby, **DENIED** and **DISMISSED with prejudice**. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the

---

[1] The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record for the Respondent.

**ENTER:** April __9__, 2010

                                                    **/S/ Robert E. Maxwell**
                                                    United States District Judge